UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANNY HILL, ) | CASE NO. 1:03cr173 |
| ) | (Related Case No. 1:08cv373) |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |
| ) | [Resolving Docs. 363, 366] |
| ) | |

This matter comes before the Court on Petitioner's Motion to Vacate his sentence under 28 U.S.C. § 2255 (Doc. 363, Case No. 1:03cr173). Petitioner originally captioned this motion as a Motion to Vacate Judgment under Fed. R. Civ. P. 60(b). However, the Court has construed that motion as one under 28 U.S.C. § 2255, in which Petitioner seeks to have his sentence vacated. Petitioner states as the basis of his motion "the recent findings against the Fed. Agent on [Petitioner's] case named LEE LUCAS[.]" Subsequently, Petitioner filed a "Motion for Relief from Judgment" pursuant to Fed. R. Civ. P. "60(b)(2)(3)." (Doc. 366, Case No. 1:03cr173.) The Government has responded in opposition to both motions. The Court has been advised, having reviewed Petitioner's motions, the Government's responses, and applicable law. For the reasons set forth herein, Petitioner's motions are both DENIED.

Petitioner pled guilty to charges of conspiracy to distribute and possess with intent to distribute heroin, and was sentenced on November 12, 2003. However, he did not move for vacation of his sentence until February 14, 2008, and did not file the subsequent motion for relief from judgment until March 10, 2008.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Under § 2255 there are four grounds upon which federal prisoners may challenge their conviction or sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial, injurious effect or influence on the proceedings. *McNeil v. United States*, 72 F. Supp.2d 801, 803 (N.D.Ohio 1999) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)). In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

"[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). "Furthermore, Petitioner's 'allegations of prejudice must be specific, concrete and supported by the evidence - vague, speculative, or conclusory allegations will not suffice.'" *Savoca v. United States*, Case No. 1:06CV1747, 2008 WL 906122 (N.D.Ohio 2008) (quoting *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir.1988)).

### III. Analysis

Both of Petitioner's motions were originally filed as motions under Rule 60(b) of the Federal Rules of Civil Procedure. The Court construed the first motion (Doc. 363) as a § 2255 motion because Fed. R. Civ. P. is entirely inapplicable to criminal proceedings or to proceedings for the vacation of a criminal sentence. The second motion (Doc. 366) is still styled a Fed. R. Civ. P. 60(b) motion. Inasmuch as both motions may have been intended to be 60(b) motions, they are denied because of the inapplicability of that rule to these proceedings.

Inasmuch as either motion could be construed as a § 2255 motion, each is also denied. Petitioner has provided no more than bald assertions that Agent Lucas was involved in his case, and that this should result in the vacation of his sentence. In his first motion, he has cited a case in which all of the defendants' convictions were overturned on the basis of the cooperating defendant's having perjured himself. *See United States v. Nabors*, 2008 WL 222505 (N.D. Ohio 2008). However, there is no evidence in the record that either Agent Lucas or the cooperating defendant in the *Nabors* case had any involvement in Petitioner's case, nor has Petitioner provided any such evidence, which is his burden. Petitioner's motion provides nothing more than a "vague, speculative, or conclusory allegation," which clearly does not suffice to present a claim under § 2255.

3

As Petitioner has provided no support for his assertion regarding Agent Lucas, and has therefore failed to demonstrate that his claim has recently arisen, the Court further finds that Petitioner is well outside of the one-year statute of limitations for bringing a claim under 28 U.S.C. § 2255(f). For all of the above reasons, Petitioner's motions are DENIED.

IT IS SO ORDERED.

DATED: May 20, 2008  /s/ *John R. Adams*
                     Judge John R. Adams
                     UNITED STATES DISTRICT COURT